1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   THE CIT GROUP/SALES            Case No. 2:06-cv-00800-LKK-DAD
     FINANCING, INC., a Delaware
12   corporation,                   **ORDER APPOINTING SUBSTITUTE**
                                     **CUSTODIAN**
13              Plaintiff,
                                     **DATE:**    June 26, 2006
14        vs.                        **TIME:**    10:10 a.m.
                                     **DEPT:**    4
15   THE VESSEL "TREMBLAY'S
     TREASURE," in rem; and PAUL
16   L. TREMBLAY, an individual
     also known as Paul Leo
17   Tremblay, Sr., in personam,

18              Defendants.

19

20

21        Plaintiff The CIT Group/Sales Financing, Inc., by and

22   through its attorneys Mark M. Scott of Buchalter Nemer, having

23   appeared and made the following recitals:

24        1.   On April 12, 2006, the Complaint herein was filed

25   praying that the vessel Tremblay's Treasure, her engines, tackle,

26   apparel, furniture, equipment and other necessaries thereunto

27   appertaining and belonging, be condemned and sold to pay

28   Plaintiff's demands and claims and for other proper relief.

1    2.   On June 20, 2006, the Clerk of this Court issued a

2 warrant for Arrest of the vessel Tremblay's Treasure demanding

3 the United States Marshal for this district to arrest and take

4 into custody the defendant vessel and to detain the same in his

5 custody until further Order of this Court respecting same.

6    3.   It is contemplated that the United States Marshal will

7 seize the defendant vessel forthwith.   Custody by the United

8 States Marshal requires the services of one or more keepers alone

9 and not including warfage, moving and storage and the other

10 services usually associated with safekeeping vessels similar to

11 the defendant vessel.

12    4.   The defendant vessel is currently stored at 1709 H.

13 Street, Sacramento, California 95814 and Richard Hauck, of Cal

14 West Recovery has agreed to assume the responsibility of

15 safekeeping the said vessel, and has consented to act as her

16 custodian until further Order of this Court, all for a sum,

17 including moving, storage and routine services required for the

18 safekeeping of the particular vessel at the rate of $450.00 per

19 month.   The United States Marshal is unable to perform or to have

20 performed at a comparable rate these same services.   Additional

21 services to be performed by Richard Hauck of Cal West Recovery

22 will include towage, which services are to be performed at a

23 separate cost not to exceed $1,450.00.   The above charges are to

24 be advanced to the Marshal by the moving party herein at least 24

25 hours after notification by the Marshal that said charges will be

26 incurred.   In any case, the transfer of defendant vessel to the

27 substitute custodian for safekeeping will not be effected until

28 all such charges have been paid by the moving party.

ORDER APPOINTING SUBSTITUTE CUSTODIAN

5.    Richard Hauck of Cal West Recovery by affidavit avers that he has adequate facilities and supervision for the proper safekeeping of the vessel and that he possesses insurance and/or substance adequate to respond in damages for loss or injury to the defendant vessel or for damages sustained by third parties due to any acts, faults, or negligence by said substitute custodian.  Further, in said affidavit, substitute custodian accepts, and in accordance with the terms of this Order, possession of the defendant vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, which is the subject of the action herein.

6.    Plaintiff The CIT Group/Sales Financing, Inc., in consideration of the Marshal's consent to the substitution of custodian agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, from the time the Marshal transferred possession of said vessel over to said substitute custodian, and said Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

**THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the Eastern District of California be, and he is hereby authorized and directed, upon his seizure of said defendant vessel, her engines, tackle, apparel, furniture,

1   equipment and all other necessaries thereunto appertaining and

2   belonging, pursuant to said Warrant for Arrest of Tremblay's

3   Treasure to surrender the possession thereof to the substitute

4   custodian named herein, and that upon such surrender the Marshal

5   shall be discharged from his duties and responsibilities for the

6   safekeeping of said vessel and held harmless from any and all

7   claims arising whatsoever out of said substituted possession and

8   safekeeping.

9      **IT IS FURTHER ORDERED** that Richard Hauck of Cal West

10   Recovery be, and is hereby, appointed the custodian of said

11   vessel to retain the same in the custody for possession and

12   safekeeping for the aforementioned compensation until further

13   order of this Court.

14      **IT IS FURTHER ORDERED** that all expenses for the safekeeping

15   of defendant vessel shall be deemed administrative expenses of

16   the Marshal.

17      **IT IS FURTHER ORDERED** that Plaintiff's attorney will serve a

18   copy of said Order to the owner of defendant vessel.

19

20

21 DATED:  June 20, 2006.

                                       UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

**ORDER APPOINTING SUBSTITUTE CUSTODIAN**